UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXIS M.,

          Plaintiff,

      v.                                            **DECISION AND ORDER**
                                                      20-CV-963S
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

      1.      Plaintiff Alexis M.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled for purposes of this application since September 21, 2016,[2] due to mental impairments. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

      2.      Plaintiff's entitlement to supplemental security income was redetermined against her on September 21, 2016. After that redetermination, Plaintiff proceeded to a hearing, which took place before ALJ Melissa Lin Jones on April 18, 2019. The ALJ considered the case *de novo* and, on May 13, 2019, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on June 3, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] Plaintiff received supplemental security income based on disability as a child. (R. at 16, 17.) She turned 18 years old on December 7, 2015. (R. at 17.) Her benefits stopped on September 21, 2016, after the agency concluded on redetermination that she no longer qualified as disabled under the rules applicable to new adult supplemental security income applications. (R. at 16, 17.) Plaintiff's redetermination date (September 21, 2016) is therefore the operative date here.

3. Plaintiff filed the current action on July 27, 2020, challenging the Commissioner's final decision.[3] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on September 1, 2021. (Docket Nos. 9, 11, 15, 16.) The case was thereafter reassigned here on October 6, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 17.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the

---

[3] The ALJ's May 13, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805

F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff was notified on redetermination that she was no longer considered disabled as of September 21, 2016 (R. at 17[4]); (2) Plaintiff's bipolar depression, borderline personality disorder, and post-traumatic stress disorder are severe impairments within the meaning of the Act (R. at 17-18); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 18-20); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with certain non-exertional limitations[5] (R. at 20-25); (5) Plaintiff has

---

[4] Citations to the underlying administrative record are designated as "R."

[5] The non-exertional limitations consist of the following: "The claimant can perform simple, routine and repetitive tasks not at a production rate pace. The claimant can have occasional interaction with supervisors, and rare (meaning less than occasional but not never) interaction with coworkers and the public. The claimant can make simple decision[s] when dealing with change in the work setting." (R. at 20.)

no past relevant work (R. at 25); and (6) Plaintiff could perform jobs that exist in significant number in the national economy, including housekeeping cleaner, inspector and hand packager, and final inspector (R. at 26). Accordingly, the ALJ determined that Plaintiff has not become disabled again since her redetermination date of September 21, 2016. (R. at 15, 27.)

13.    Plaintiff lodges two challenges to the ALJ's decision. First, she argues that the ALJ failed to properly consider the opinion of her treating nurse practitioner. Second, she argues that her mental RFC is not supported by substantial evidence. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

14.    Plaintiff first argues that the ALJ erred by affording her treating nurse practitioner's opinion little weight. In March 2019, Obot Obot, N.P., rendered an opinion that, if credited, could support a disability finding. (R. at 356-60.) For example, Obot found Plaintiff "seriously limited"—defined as "ability to function in this area is seriously limited and would frequently be less than satisfactory in any work setting" (R. at 358)—in such areas as maintaining attention for two-hour segments, working with others without distraction, working with supervisors and co-workers, responding appropriately to changes in a routine work setting, dealing with normal work stress, and understanding, remembering, and carrying out detailed instructions. (R. at 358, 359.)

15.    Obot further found Plaintiff "unable to meet competitive standards"—defined as "your patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting" (R. at 358)—in such areas

as punctuality and maintaining regular attendance, sustaining an ordinary routine without special supervision, and performing at a consistent pace without the need for unreasonable rest periods. (R. at 358.) While Obot was unable to assess Plaintiff's ability to work a normal workday and workweek without interruptions from psychologically based symptoms, he opined that she would be absent from work more than four days per month due to her impairments. (R. at 358, 360.) Overall, Obot opined that Plaintiff could not engage in full-time competitive employment on a sustained basis. (R. at 360.)

16. The ALJ considered Obot's opinion and afforded it "little weight," explaining (1) that although he was a treating provider with longitudinal treatment history, Obot was an "other source" under 20 C.F.R. § 416.927 (f), (2) the correlating clinical mental status examinations did not support Obot's findings of significant mental limitations, and (3) Obot's opinion conflicted with Plaintiff's testimony that she could engage in a wide-range of activities of daily living. (R. at 24-25.)

17. Plaintiff maintains that the ALJ rejected Obot's opinion "for conclusory and inaccurate reasons and without considering evidence of record that undermined those reasons." See Plaintiff's Memorandum of Law, Docket No. 11-1, p. 11. She argues that the ALJ failed to adequately explain her treatment of Obot's opinion and that she should have "provided more than general citations" supporting her conclusion that Obot's opinion was inconsistent with the record evidence. See id. at p. 14. Because redetermination occurred before March 27, 2017, the prior regulations governing the evaluation of medical evidence found in 20 C.F.R. § 416.927 apply, as do the prior Social Security Rulings ("SSR").

18.     SSR 06-03p provides that, as a nurse practitioner, Obot is an "other source."[6]  2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006).  In evaluating the opinions of "other sources," SSR 06-03p directs ALJs to consider the same factors used to evaluate the opinions of "acceptable medical sources," including treating physicians.  2006 WL 2329939, at *4; see also 20 C.F.R. § 416.927 (f).  These factors include but are not limited to "the length of the treatment relationship, the frequency of evaluation, and the degree to which the opinion is supported and consistent with the record."  2006 WL 2329939, at *4; see also 20 C.F.R. § 416.927 (c)(1)-(6).  ALJs must further explain what weight, if any, they afford such opinions.  See Sears v. Astrue, No. 2:11–CV–138, 2012 WL 1758843, at *3 (D. Vt. May 15, 2012).

19.     Here, Plaintiff complains that the ALJ did not adequately explain her consideration of Obot's opinion in sufficient detail.  The decision reveals otherwise.  The ALJ recognized the length and nature of the treating relationship between Obot and Plaintiff, but nevertheless afforded Obot's opinion "little weight" because she found it inconsistent with clinical mental status notes from Obot's organization (Best Self Behavioral Health) and Plaintiff's grossly normal psychiatric findings upon examination.  (R. at 25.)  She also discounted Obot's opinion because it was inconsistent with Plaintiff's admissions concerning her daily activities, which included the ability to independently attend to hygiene, cook, complete household chores, visit with friends and family, shop, use a computer, handle finances, and care for pets and children, when required.  (R. at 22, 25.)  In explaining her treatment of Obot's opinion, the ALJ referenced her earlier discussion of the Best Self treatment records, including those that, in the ALJ's view,

---

[6] SSR 06-03p is now rescinded.

consisted of "routine, limited and conservative treatment modalities and show relatively benign mental status findings upon examinations." See R. at 19, 22-23. Other than baldly contending that this explanation is insufficient, Plaintiff offers no specific argument as to where it limps. In this Court's view, the ALJ adequately explained her consideration of Obot's opinion and the reasons she gave it little weight. This argument is therefore rejected.

20.     Plaintiff further contends that the ALJ rejected Obot's opinion "for inaccurate reasons," and then proceeds to canvass evidence in the record that she contends supports her position. See Plaintiff's Memorandum of Law, pp. 11, 14. But whether the record also contains remarkable findings is not the issue; the issue is whether substantial evidence supports the ALJ's decision. See Bonet ex rel. T.B., 523 F. App'x at 59. And this Court cannot accept what is essentially Plaintiff's invitation to reweigh the evidence. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record). In any event, the ALJ's decision reflects a thorough discussion of the submitted medical records, which themselves include a two-year non-treatment gap, and Plaintiff does not identify any material evidence of disability that the ALJ expressly failed to consider. This argument therefore fails.

21.     Plaintiff's second argument is that her mental RFC is impermissibly the product of the ALJ's own lay opinion. This argument is premised on the notion that the ALJ erred in relying on the opinion of non-examining consultative review physician O. Fassler, Psy.D., because Dr. Fassler did not consider all of Plaintiff's treatment records. This is a non-starter for two reasons. First, "an ALJ is free to give great weight to the

opinion of a non-examining medical expert as long as their opinions are supported by substantial evidence." Cruz v. Comm'r of Soc. Sec., No. 16-CV-965, 2018 WL 3628253, at *6 (W.D.N.Y. July 31, 2018); see also Hancock v. Barnhart, 308 F. App'x 520, 521 (2d Cir. 2009).   Here, Dr. Fassler is an acceptable medical source with program knowledge and is fully familiar with the social security rules and regulations. (R. at 24.) He reviewed the record as developed at the time, and his findings are adequately supported by the record.

22.   Second, Dr. Fassler's opinion is not stale simply because it was rendered before receipt of the Best Self records. An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition. See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018). But "a medical opinion is not necessarily stale simply based on its age." Id. at 470. An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole. See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition). Here, the ALJ expressly considered that Dr. Fassler's opinion was rendered before all records were received, as indicated by her finding that subsequent evidence did not warrant a finding of greater restrictions. (R. at 24.) Moreover, Plaintiff offers no subsequent evidence of deterioration, other than arguably the Best Self records, which the ALJ reasonably found did not warrant further restrictions. Accordingly, Dr. Fassler's opinion was not stale and the ALJ did not err in relying on it.

23. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  March 14, 2022
        Buffalo, New York

                                          s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge